**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of __Delaware_____
(State)

Case number (If known): _____ Chapter __11____

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**

   Ambri Inc.

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number** (EIN)

   _2_ _7_ – _3_ _2_ _2_ _0_ _0_ _2_ _3_

4. **Debtor's address**

   **Principal place of business**

   __53_____ __Brigham Street_____
   Number        Street

   __Unit #8_____

   __Marlborough_____ __MA__ __01752__
   City                    State   ZIP Code

   __Middlesex_____
   County

   **Mailing address, if different from principal place of business**

   _____
   Number    Street

   _____
   P.O. Box

   _____
   City              State   ZIP Code

   **Location of principal assets, if different from principal place of business**

   _____
   Number    Street

   _____

   _____
   City              State   ZIP Code

5. **Debtor's website** (URL)    https://ambri.com/

Debtor  Ambri Inc._____    Case number (*if known*)_____
        Name

| | | |
|---|---|---|
| **6.** | **Type of debtor** | ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |
| **7.** | **Describe debtor's business** | A. *Check one:*<br>☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))<br>☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))<br>☐ Railroad (as defined in 11 U.S.C. § 101(44))<br>☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))<br>☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))<br>☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))<br>☑ None of the above<br><br>B. *Check all that apply:*<br>☐ Tax-exempt entity (as described in 26 U.S.C. § 501)<br>☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)<br>☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))<br><br>C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .<br>  2  2  1  1 |
| **8.** | **Under which chapter of the Bankruptcy Code is the debtor filing?**<br><br>A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box. | *Check one:*<br>☐ Chapter 7<br>☐ Chapter 9<br>☑ Chapter 11. *Check **all** that apply*:<br>    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br>    ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br>    ☐ A plan is being filed with this petition.<br>    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).<br>    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.<br>    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.<br>☐ Chapter 12 |

Debtor  **Ambri Inc.**
     Name

Case number *(if known)*_____

---

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   If more than 2 cases, attach a separate list.

   ☑ No
   ☐ Yes.   District _____  When _____ (MM/DD/YYYY)  Case number _____
          District _____  When _____ (MM/DD/YYYY)  Case number _____

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    List all cases. If more than 1, attach a separate list.

    ☑ No
    ☐ Yes.   Debtor _____  Relationship _____
           District _____  When _____ (MM/DD/YYYY)
           Case number, if known _____

11. **Why is the case filed in *this district*?**

    *Check all that apply:*

    ☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ☑ No
    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply.*)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
        What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
        Number    Street
    _____
    _____
    City    State  ZIP Code

    **Is the property insured?**
    ☐ No
    ☐ Yes. Insurance agency _____
        Contact name _____
        Phone _____

---

**Statistical and administrative information**

Debtor __Ambri Inc._____     Case number (*if known*)_____
       Name

| | |
|---|---|
| **13. Debtor's estimation of available funds** | *Check one:*<br>☑ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |

| **14. Estimated number of creditors** | ☐ 1-49<br>☐ 50-99<br>☐ 100-199<br>☑ 200-999 | ☐ 1,000-5,000<br>☐ 5,001-10,000<br>☐ 10,001-25,000 | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>☐ More than 100,000 |
|---|---|---|---|
| **15. Estimated assets** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☑ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| **16. Estimated liabilities** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☑ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __5/5/2024__
           MM / DD / YYYY

X /s/ Nora Murphy (DocuSigned, 88683473A07D472...) _____     __Nora Murphy_____
Signature of authorized representative of debtor                                Printed name

Title __Chief Financial Officer_____

Debtor  **Ambri Inc.**
       Name

Case number *(if known)*_____

---

**18. Signature of attorney**

✗ *L. Katherine Good*
    DocuSigned by: 667C62580CE24C1...
Signature of attorney for debtor

Date  **5/5/2024**
    MM / DD / YYYY

L. Katherine Good
Printed name

Potter Anderson & Coroon LLP
Firm name

1313     North Market Street, 6th Floor.
Number   Street

Wilmington
City

Delaware     19801
State        ZIP Code

(302) 984-6000
Contact phone

kgood@potteranderson.com
Email address

5101
Bar number

Delaware
State

---

# AMBRI INC.
# OFFICER'S CERTIFICATE

## May 5, 2024

The undersigned, as the Chief Financial Officer of Ambri Inc., a Delaware corporation (the "Company"), hereby certifies, solely in her capacity as an officer of the Company and not in any individual capacity, as follows:

a)  a duly called special meeting of the Board of Directors (the "Board") of the Company, at which a quorum was present, was held on May 3, 2024, (the "Special Meeting") in accordance with the requirements of the Delaware General Corporation Law and the Company's charter and bylaws;

b)  the resolutions included in the attached were duly adopted and approved by a majority of the directors of the Board in attendance at the Special Meeting;

c)  the resolutions included in the attached are true, complete and correct as they appear;

d)  the resolutions included in the attached have not been modified, amended, annulled, rescinded or revoked and are still in full force and effect as of the date hereof; and

e)  there exists no other subsequent resolution of the Board relating to the matters set forth in the resolutions attached hereto.

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the date first set forth above.

By: *Nora Murphy* (DocuSigned by: 88683473A07D472...)

Name: Nora Murphy
Title: Chief Financial Officer

## RESOLUTIONS OF THE BOARD OF DIRECTIONS
## OF AMBRI INC.

WHEREAS, pursuant to notice duly given, a special meeting of the Board of Directors of (the "Board") of Ambri Inc., a Delaware corporation (the "Company"), was convened on May 3, 2024, (the "Special Meeting");

WHEREAS, a quorum of the Board, participated throughout the Special Meeting;

WHEREAS, the Board of the Company has considered presentations by the management and the financial and legal advisors of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the effect of the foregoing on the Company's business, creditors, and other parties in interest;

WHEREAS, the Board has been presented with a proposed petition and related documents to be filed by the Company in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") seeking relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") as a debtor in possession; and

WHEREAS, the Board, having had a series of meetings to consider the financial and operational aspects of the Company's business and the best course of action to maximize value, having received financial and other input from management and its advisors, having had the opportunity to review and consider the same, and having pursued and considered various alternatives, have determined in the exercise of their respective business judgment that given the current facts and circumstances confronting the Company, it is advisable and in the best interests of the Company, its creditors, and other interested parties that a petition be filed by the Company seeking relief under the provisions of chapter 11 of the Bankruptcy Code.

NOW THEREFORE BE IT RESOLVED, that in the judgment of the Board it is advisable and in the best interests of the Company, its creditors, employees, stakeholders and other interested parties that a voluntary petition be filed by the Company seeking relief under the provisions of chapter 11 of the Bankruptcy Code, and the filing of such petition is authorized hereby; and it is further

RESOLVED, that each duly appointed officer of the Company (each, an "Authorized Person"), be, and each hereby is, authorized and empowered, on behalf of and in the name of the Company, to execute and verify a petition in the name of the Company under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the Bankruptcy Court in such form and at such time as Authorized Person executing said petition on behalf of the Company shall determine; and it is further

RESOLVED, that each Authorized Person be, and each hereby is, authorized and empowered, on behalf of and in the name of the Company, to execute, verify and/or file, or cause to be executed, verified and/or filed (or direct others to do so on their behalf as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, statements, schedules, motions, lists, applications, pleadings and other papers, and in connection with the petition, to employ and retain all assistance by legal counsel, accountants or other professionals, and to take any and all action which they deem necessary and proper to maintain the ordinary course operation of the Company's business during the pendency of the chapter 11 case, including any and all action necessary or proper in connection with obtaining Bankruptcy Court authorization to use cash collateral and obtain post-petition financing (the "DIP Financing" and such agreement the "DIP Financing Agreement") substantially on the terms disclosed to the Board at the Special Meeting, and seek the relief contemplated by "first day" and/or "second day" motions; and it is further

RESOLVED, that each Authorized Person be, and each hereby is, authorized and empowered on behalf of the Company, to retain and employ professionals to render services to the Company in connection with the chapter 11 case, including, without limitation, (i) Goodwin Procter LLP as bankruptcy co-counsel, (ii) Potter Anderson & Corroon, LLP as bankruptcy co-counsel, (iii) Triple P RTS, LLC and Triple P Securities, LLC (collectively, "Portage Point Partners") to provide financial advisory and investment banking services, and (iv) Epiq Corporate Restructuring, LLC as claims and noticing agent and to provide administrative advisory services; and it is further

RESOLVED, that, in connection with the chapter 11 case, each Authorized Person be, and hereby is, authorized and empowered, on behalf of and in the name of the Company, to file a motion and related bidding procedures to continue marketing the Company's assets, designating the agent under the DIP Financing Agreement (or its designee) as the stalking horse bidder substantially under the terms disclosed to the Board at the Special Meeting, and commence a bidding and sale process for the Company's assets and pursue negotiations with any interested parties regarding a sale of such assets pursuant to section 363 of the Bankruptcy Code; provided, however, any decision to accept an offer to purchase the Company's assets shall be subject to further approval by the Board; and it is further

RESOLVED, that each Authorized Person be, and each hereby is, authorized and empowered, on behalf of and in the name of the Company, to amend, supplement or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, financing statements, notices, undertakings or other writings referred to in the foregoing resolutions; and it is further

RESOLVED, that each Authorized Person be, and each hereby is, authorized and empowered on behalf of and in the name of the Company, to take or cause to be taken any and all such further action and to execute, deliver, verify and/or file, or cause to be executed, delivered, verified and/or filed (or direct others to do so on its behalf as provided herein) all such further documents, agreements, instruments, financing statements, notices, undertakings, certificates and other writings to effectuate the purpose and intent of any and all of the foregoing resolutions; and it is further

RESOLVED, that all acts lawfully done or actions lawfully taken by any Authorized Person to seek relief on behalf of the Company under chapter 11 of the Bankruptcy Code, or in connection with the chapter 11 case, or any matter related thereto, in connection with the Company's ordinary course operations be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company as fully as if such actions had been presented to the Board for its prior approval; and it is further

RESOLVED, that each Authorized Person be, and each hereby is, authorized and empowered, on behalf of and in the name of the Company, to pay and direct the payment of all fees and expenses as in their judgment shall be necessary, appropriate, or advisable in the good faith judgment of such Authorized Person to effective the purpose and intent of any and all of the foregoing resolutions.

Fill in this information to Identify the case:

Debtor Name:   Ambri Inc.

United States Bankruptcy Court for the:   District of Delaware

Case Number (If known):

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders               12/15

A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | J. CALNAN & ASSOCIATES INC. 3 BATTERYMARCH PARK 5TH FLOOR QUINCY, MA  02169 | CONTACT: TIM KELLY PHONE: (617) 801-0200 TKELLY@JCALNAN.COM | TRADE PAYABLE | Unliquidated, Disputed | | | $4,796,976.00 |
| 2 | QUARRY SQUARE OWNER LLC 55 CAMBRIDGE STREET BURLINGTON, MA  01803 | CONTACT: BROOKS GOODYEAR PHONE: (401) 829-6991 BGOODYEAR@RJKELLY.COM | TRADE PAYABLE | | | | $1,272,530.66 |
| 3 | THE MELLEN COMPANY 40 CHENELL DRIVE CONCORD, NH  03301 | CONTACT: LISA WALTER-SATURLEY PHONE: (603) 228-2929 LWALTER@MELLENCOMPANY.COM | TRADE PAYABLE | | | | $358,866.00 |
| 4 | TS ELINO GMBH ZUM MUHLENGRABEN 16-18 DUREN  52355 GERMANY | CONTACT: PETRA ERDORF PHONE: +49 2421 690 20 PETRA.ERDORF@ELINO.DE | TRADE PAYABLE | | | | $251,275.00 |
| 5 | THIELMANN UCON GMBH GUSTAV-RIVINIUS-PLATZ 2 HAUSACH  77756 GERMANY | CONTACT: MANFRED ZURKIRCH INFO@THIELMANN.COM | TRADE PAYABLE | | | | $142,456.00 |
| 6 | JONES LANG LASALLE 200 EAST RANDOLPH STREET 45TH FLOOR CHICAGO, IL  60601 | CONTACT: TIM MEIER PHONE: (312) 782-5800 TIM.MEIER@AM.JLL.COM | TRADE PAYABLE | | | | $127,100.00 |
| 7 | NATIONAL GRID 40 SYLVAN RD WALTHAM, MA  02451-1200 | CONTACT: LISA WIELAND PHONE: (800) 322-3223 | TRADE PAYABLE | | | | $118,501.63 |

Debtor: Ambri Inc.   Case Number (if known):

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8 | MIT TECHNOLOGY LICENSING OFFICE ROOM NE18-501 255 MAIN STREET, KENDALL SQUARE CAMBRIDGE, MA 02142-1601 | CONTACT: LAUREN FOSTER PHONE: (617) 253-6966 LCFOSTER@MIT.EDU | TRADE PAYABLE | | | | $90,292.01 |
| 9 | WB ENGINEERS & CONSULTANTS, INC. 33 WHITEHALL STREET, 17TH FLOOR NEW YORK, NY 10004 | CONTACT: ROB ANDERSEN PHONE: (646) 778-5635 RANDERSEN@WBENGINEERING.COM | TRADE PAYABLE | | | | $88,391.05 |
| 10 | ATLANTIS EQUIPMENT CORPORATION 16941 NY22 STEPHENTOWN, NY 12168 | CONTACT: LOUIS SCHROETER PHONE: (518) 733-5910 ACCT@ATLANTISEQUIPMENT.COM | TRADE PAYABLE | | | | $86,203.47 |
| 11 | QUADRO US 90 GLACIER DR SUITE 1000 WESTWOOD, MA 02090 | CONTACT: LISA ANDERSON PHONE: (519) 884-9660 QECAR@IDEXCORP.COM | TRADE PAYABLE | | | | $61,678.35 |
| 12 | MORGAN THERMAL CERAMICS INC. YORK HOUSE SHEET STREET WINDSOR SL4 1DD UNITED KINGDOM | CONTACT: WENDY EVANS PHONE: (706) 796-4313 WENDY.EVANS@MORGANPLC.COM | TRADE PAYABLE | | | | $56,702.24 |
| 13 | CSC LEASING COMPANY 6802 PARAGON PLACE SUITE 350 RICHMOND, VA 23230 | CONTACT: DYLAN DENSLOW PHONE: (804) 673-1000 DDENSLOW@CSCLEASING.COM | TRADE PAYABLE | | | | $50,670.61 |
| 14 | NORTHSTAR PROJECT & REAL ESTATE SVCS 1050 MASSACHUSETTS AVENUE CAMBRIDGE, MA 02138 | CONTACT: DAVID GIRARD PHONE: (617) 692-0618 DAVID.GIRARD@NORTHSTAR-PRES.COM | TRADE PAYABLE | | | | $47,711.85 |
| 15 | LINDE GAS & EQUIPMENT, INC. 10170 VIRGINIA AVE CHICAGO RIDGE, IL 60415 | CONTACT: MATT WHITE PHONE: (708) 425-5155 | TRADE PAYABLE | | | | $43,263.20 |
| 16 | IHS GLOBAL, S&P GLOBAL 15 INVERESS WAY EAST ENGLEWOOD, CO 80112 | CONTACT: JORDAN BROOKSHER PHONE: (800) 447-2273 JORDAN.BROOKSHER@SPGLOBAL.COM | TRADE PAYABLE | | | | $31,413.94 |
| 17 | NEWBURY DESIGN ASSOCIATES INC. 100 FOXBOROUGH BOULEVARD SUITE 160 FOXBOROUGH, MA 02035 | CONTACT: RON MEEHAN PHONE: (508) 620-9705 X204 RMEEHAN@NDA-ARCH.COM | TRADE PAYABLE | | | | $25,904.24 |
| 18 | ETM MANUFACTURING CO. 24 PORTER ROAD LITTLETON, MA 01460 | CONTACT: DOUG SCHEFFEL PHONE: (978) 486-9050 AR@ETMMFG.COM | TRADE PAYABLE | | | | $20,455.48 |
| 19 | LENOVO INC 8001 DEVELOPMENT DRIVE MORRISVILLE, NC 27560 | CONTACT: MATTHEW ZIELINSKI MZIELINSKI@LENOVO.COM | TRADE PAYABLE | | | | $19,423.57 |
| 20 | MUNSON MACHINERY CO INC. 210 SEWARD AVENUE UTICA, NY 13502 | CONTACT: CHARLES DIVINE PHONE: (315) 797-0090 | TRADE PAYABLE | | | | $19,087.71 |

Debtor: Ambri Inc.  Case Number (if known):

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 | AON CONSULTING, INC 1 CHASE MANHATTAN PLAZA NEW YORK, NY 10005 | CONTACT: CHRISTA DAVIES PHONE: (281)822-6688 | TRADE PAYABLE | | | | $15,000.00 |
| 22 | CRYSTAL ENGINEERING COMPANY, INC. 2 STANLEY TUCKER DRIVE NEWBURYPORT, MA 01950 | CONTACT: BETHEL EPUH PHONE: (978) 465-7007 BETHL@CRYSTALENGINEERING.COM | TRADE PAYABLE | | | | $8,580.45 |
| 23 | PRINCE AND IZANT CO. 12999 PLAZA DR CLEVELAND, OH 44130 | CONTACT: BRAD LINDHOLMMATT BRANDENBURG PHONE: (216) 284-7269 | TRADE PAYABLE | | | | $6,675.00 |
| 24 | 8X8, INC. 675 CREEKSIDE WAY CAMPBELL, CA 95008 | CONTACT: KEVIN KRAUS PHONE: (866) 879-8647 | TRADE PAYABLE | | | | $5,793.82 |
| 25 | ZOOMINFO TECHNOLOGIES LLC 805 BROADWAY ST STE 900 VANCOUVER, WA 98660 | CONTACT: PETER CAMERON HYZER PHONE: (866) 904-9666 AR@ZOOMINFO.COM | TRADE PAYABLE | | | | $4,425.30 |
| 26 | EVERSOURCE 56 PROSPECT ST HARTFORD, CT 06103 | CONTACT: GREG BUTLER PHONE: (800) 340-9822 GREG.BUTLER@EVERSOURCE.COM | TRADE PAYABLE | | | | $4,337.56 |
| 27 | DHL EXPRESS - USA 1210 SOUTH PINE ISLAND ROAD PLANTATION, FL 33324 | CONTACT: GREG HEWITT PHONE: (954) 235-0259 GREG.HEWITT@DHL.COM | TRADE PAYABLE | | | | $3,955.64 |
| 28 | BOSTON SHIPPING CONSULTANTS 12-B LINSCOTT RD WOBURN, MA 01801 | CONTACT: DENNIS MINISCALCO PHONE: (781) 491-7377 DENNIS@BOSTON-SHIPPING.COM | TRADE PAYABLE | | | | $2,800.00 |
| 29 | COMCAST BUSINESS 1701 JFK BOULEVARD PHILADELPHIA, PA 19103 | CONTACT: JASON S. ARMSTRONG | TRADE PAYABLE | | | | $1,732.93 |
| 30 | QUARRY SQUARE OWNER LLC 55 CAMBRIDGE STREET BURLINGTON, MA 01803 | CONTACT: BROOKS GOODYEAR PHONE: (401) 829-6991 BGOODYEAR@RJKELLY.COM | LITIGATION | Unliquidated, Disputed | | | |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| Ambri Inc.,[1] | Case No. 24- [____] (___) |
| Debtor. | |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following is a list of any corporation, other than a governmental unit, that directly or indirectly owns 10% or more of any class of equity interests in the above-caption debtor.

| EQUITY HOLDER | PERCENTAGE OF TOTAL EQUITY[2] |
|---|---|
| Reliance New Energy Limited | 17.274% |
| Paulson Partners L.P.[3] | 20.880% |
| Gates Frontier, LLC | 36.769% |

| EQUITY HOLDER | PERCENTAGE OF SENIOR PREFERRED EQUITY[4] |
|---|---|
| Paulson Partners L.P.[5] | 30.904% |
| Gates Frontier, LLC | 54.421% |

---

[1] The Debtor's mailing address is 53 Brigham Street, Unit 8, Marlborough, MA 01752, and the last four digits of the Debtor's federal tax identification number are 0023.

[2] Presented on a fully diluted basis, giving effect to the exercise or conversion of all warrants, and preferred stock into the applicable number of shares of common stock, but <u>without</u> giving effect to the conversion or exercise of outstanding equity awards.

[3] Represents beneficial ownership of Paulson Partners L.P. and affiliated funds.

[4] Presented as senior preferred stock, voting separately as a single class, giving effect to the exercise of all warrants to purchase senior preferred stock, and calculated on an as-converted to common stock basis.

[5] Represents beneficial ownership of Paulson Partners L.P. and affiliated funds.

2

| EQUITY HOLDER | PERCENTAGE OF STANDARD PREFERRED EQUITY[6] |
|---|---|
| Reliance New Energy Limited | 84.700% |

| EQUITY HOLDER | PERCENTAGE OF COMMON EQUITY[7] |
|---|---|
| David Bradwell | 12.929% |
| Donald Sadoway | 14.587% |
| KLP Enterprises, LLC | 21.971% |
| Khosla Ventures IV, LP[8] | 39.983% |

---

[6] Presented as standard preferred stock, voting separately as a single class, giving effect to the exercise of all warrants to purchase standard preferred stock, and calculated on an as-converted to common stock basis.

[7] Presented as common stock, voting separately as a single class, and giving effect to the exercise of all warrants to purchase common stock, but <u>without</u> giving effect to the exercise or conversion of any outstanding equity awards or the conversion of preferred stock or warrants to purchase preferred stock into the applicable number of shares of common stock.

[8] Represents beneficial ownership of Khosla Ventures IV, LP and affiliated funds.

**Fill in this information to identify the case:**

Debtor name __Ambri Inc.__

United States Bankruptcy Court for the: __DISTRICT OF DELAWARE__

Case number (if known) _____

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.** Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* _____
- ■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ■ Other document that requires a declaration  **Corporate Ownership Statement, Form 201**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____   X _/s/ Nora Murphy_
                              DocuSigned by: 88683473A07D472...
                              Signature of individual signing on behalf of debtor

                              _____
                              Printed name

                              _____
                              Position or relationship to debtor