**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
- - - - - - -- - - - - - - - - - - - - - - - - - - -  x
                                                      :
In re:                                                :   Chapter 11
                                                      :
Ambri Inc.,¹                                          :   Case No. 24-10952 (___)
                                                      :
         Debtor.                                      :   Hr'g Date: TBD
                                                      :   Obj. Deadline: TBD
                                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - -  x
```

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER, PURSUANT TO SECTIONS 105(a), 365(a), AND 554 OF THE BANKRUPTCY CODE FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTOR TO REJECT A CERTAIN UNEXPIRED LEASE OF NONRESIDENTIAL PROPERTY EFFECTIVE AS OF THE PETITION DATE; (II) ABANDONING ANY REMAINING PERSONAL PROPERTY LOCATED AT THE LEASED PREMISES; AND (III) GRANTING CERTAIN RELATED RELIEF**

> **\*\*ANY PARTY RECEIVING THIS MOTION SHOULD CAREFULLY REVIEW EXHIBIT 1 TO THE PROPOSED ORDER ATTACHED HERETO AS EXHIBIT A TO DETERMINE WHETHER IT IS A COUNTERPARTY TO A REJECTED LEASE THAT IS THE SUBJECT OF THE RELIEF REQUESTED IN THIS MOTION\*\***

The above-captioned debtor and debtor-in-possession (the "Debtor") hereby files this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (i) authorizing the Debtor to reject the Lease (as defined herein) identified on **Exhibit 1** to the Proposed Order, effective as of the Petition Date (as defined herein); (ii) authorizing the Debtor to abandon any remaining personal property located at the leased premises; and (iii) granting certain related relief. In support of this Motion, the Debtor relies upon and incorporates by reference the *Declaration of Nora Murphy in Support of the Debtor's Chapter 11 Petition and First Day Pleadings* (the "Murphy First Day Declaration"), and the *Declaration*

---

[1] The Debtor's mailing address is 53 Brigham Street, Unit 8, Marlborough, MA 01752, and the last four digits of the Debtor's federal tax identification number are 0023.

*of Robin Chiu in Support of the Debtor's Chapter 11 Petition and First Day Pleadings* (the "Chiu First Day Declaration"),[2] filed contemporaneously herewith. In further support of this Motion, the Debtor respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b), and pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtor confirms its consent to the entry of a final order or judgment by the Court with respect to this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a), 363(b), 365, and 554 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 6006 and 6007of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## GENERAL BACKGROUND

4. On the date hereof (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code (the "Chapter 11 Case"). The Debtor is operating its business and managing its properties as a debtor-in-possession pursuant to

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Murphy First Day Declaration or Chiu First Day Declaration, as applicable.

sections 1107 and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made, and no official committees have been appointed, in this Chapter 11 Case.

5. The Debtor is a pre-revenue Liquid Metal$^{TM}$ battery technology company working to become a leading global provider of long-duration, grid-scale, energy storage that can solve the most critical issues facing today's electricity grid and enable wide-spread adoption of intermittent renewable energy as a 24-7 power source. The company is developing batteries that are expected to be low-cost, highly reliable, extremely safe, degrade only minimally over their lifespan, and can shift fundamentally how power grids operate and source their power, thereby contributing to the goal of a cleaner energy future. Because of its promise, the Debtor grew quickly between 2021 and 2023, raising approximately $150 million in equity financing in its Series E capital raise from blue-chip investors who chose to support and fund the Debtor's technology development and commercialization. Capitalizing on its fundraising successes and technological advances, the Debtor decided to expand its business from research and development (with a goal of licensing) to also include high-volume manufacturing. To scale effectively and meet its new goals, the Debtor took on substantial costly obligations including an increased employee census, an expanded real estate footprint, and millions of dollars in construction costs to build out what was supposed to be the Debtor's first high-volume manufacturing pilot facility.

6. Like many pre-revenue companies in the renewable energy space, that initial growth was interrupted by an incredibly challenging fundraising environment. In the fall of 2023, despite strong interest from certain material investors, the Debtor was unable to complete a Series F financing round that would have enabled it to meet cell development milestones and complete manufacturing initiatives. When the Series F financing fell through, the Debtor approached its existing investors to explore whether they would be willing to provide the Debtor with bridge

funding through the issuance of secured notes.  At that time, Ambri forecasted that it would need approximately $50 million in financing to fund operations through key development milestones in its quest to achieve a "Prototype Design Concept" of an E3-Cell.  Despite its efforts, the Debtor was only able to secure commitments of approximately $42 million of its $50 million goal (due to one of its larger existing investors declining to participate in its pro rata portion of the financing), leaving it with a shortfall of nearly $8 million against its business plan.  Without additional funding or significant concessions from its vendors and contract counterparties, the Debtor concluded that the filing of this Chapter 11 Case and the pursuit of a value maximizing sale process was its only viable option.

7. Additional factual background regarding the Debtor, including its business operations, its corporate and capital structure, and the events leading to the filing of this Chapter 11 Case, is set forth in detail in the Murphy First Day Declaration.

**FACTS RELEVANT TO THIS MOTION**

8. The Debtor and Quarry Square Owner LLC (the "Landlord") are currently parties to an unexpired nonresidential lease (the "Lease") for commercial property located at 196 E. Main Street, Milford, Massachusetts (the "Premises").[3]  The Debtor and Landlord entered into the Lease on or about June 1, 2022.  At the time it entered into the Lease, the Debtor intended to use the Premises to facilitate the research, design, fabrication, and manufacturing of its battery platform.  Unfortunately, the Debtor began experiencing financial difficulties and fundraising challenges and, as a result, has not been able, and does not have the resources, to complete the improvements

---

[3] The inclusion of any contract, lease, sublease, or other agreement on **Exhibit 1** to the Proposed Order is not intended as, nor shall be deemed to constitute, an admission by the Debtor or its estate that such contract, lease, or other agreement is or is not an executory contract or unexpired lease.  The Debtor and its estate reserves any and all rights, claims, and defenses with respect to the characterization of the Rejected Lease under section 365 of the Bankruptcy Code, applicable non-bankruptcy law, or otherwise, including, without limitation, any and all rights to argue that the Rejected Lease does not constitute an executory contract or unexpired lease.

11491338v.1

necessary to complete the buildout of the Premises. Moreover, in light of the Debtor's financial position, the Debtor has determined to revise its business plan and focus on development and licensing and not manufacturing, and therefore, no longer needs the Lease. Accordingly, the Debtor, in the reasonable exercise of its business judgment, has determined to reject the Lease and abandon any and all personal property located at the Premises.

9. Additionally, on or about January 22, 2024, the Landlord issued a *Notice to Quit and Notice of Termination of the Lease* to the Debtor in which the Landlord alleged the occurrence of certain events of default under the Lease. Soon thereafter, on February 26, 2024, the Landlord commenced litigation and filed a complaint against the Debtor in the Commonwealth of Massachusetts asserting breach of contract and misrepresentation claims.

10. As of the Petition Date, the Debtor has vacated the Premises and surrendered the Premises to the Landlord. Prior to the Petition Date, the Debtor notified the Landlord to the Lease in writing of its unequivocal intent to reject the Lease effective as of the Petition Date, and that the Debtor will not be returning to the Premises. Prior to the Petition Date, the keys to the Premises were returned to the Landlord.

11. In an abundance of caution, to the extent that any personal property of the Debtor (*e.g.*, furniture, fixtures, equipment, and other such personal property including, more specifically, battery tray test furnace(s), gantry systems for containers, pallet racks, and weld table(s)) remains at the Premises (the "Personal Property"), the Debtor requests authority to abandon such property as of the Petition Date.[4] The Debtor requests that, upon such abandonment, (a) the Landlord may,

---

[4] Substantially contemporaneously with the filing of this Motion, the Debtor filed the *Debtor's Motion for Entry of an Order Rejecting Certain Unexpired Equipment Leases Effective as of the Petition Date Pursuant to Sections 105 and 365(a) of the Bankruptcy Code* (the "Equipment Lease Rejection Motion") seeking to reject certain equipment leases with CSC (as defined in the Equipment Lease Rejection Motion) to which the Debtor is a counterparty. Some of the Personal Property the Debtor proposes to abandon pursuant to this Motion may be the subject of the equipment leases that the Debtor proposes to reject in connection with the Equipment Lease Rejection Motion.

in its discretion and without further notice or order of this Court, utilize or dispose of such property without liability to the Debtor, and (b) to the extent applicable, the automatic stay be modified to allow such disposition.

12. To prevent administrative expenses from continuing to accrue in this Chapter 11 Case, and given the Debtor's surrender of the Premises, the Debtor seeks to reject the Lease as of the Petition Date. The Debtor has determined that the Lease is no longer necessary to the Debtor's business affairs, is not otherwise beneficial to its estate and presents burdensome contingent liabilities. Accordingly, the Debtor has determined that rejecting the Lease is an appropriate exercise of its business judgment.

## RELIEF REQUESTED

13. By this Motion, to preserve and maximize the value of its estate, the Debtor, in an exercise of its business judgment, seeks to reject the Lease effective as of the Petition Date, and abandon any Personal Property that remains on the Premises.

## BASIS FOR RELIEF

**I. Rejection of the Lease Effective as of the Petition Date Reflects the Debtor's Sound Business Judgement.**

14. Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). As courts have held, "[t]he purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'" *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993) (quoting 2 *Collier on Bankruptcy* ¶ 365.01[1] (15th ed. 1993)).

6

15.     The standard applied to determining whether the rejection of an unexpired lease or executory contract should be authorized is the "business judgment" standard. *Sharon Steel Corp. v. Nat'l Fuel Gas Distr. Corp.*, 872 F.2d 36, 40 (3d Cir. 1989); *In re HQ Global Holdings, Inc.*, 290 B.R. 507, 511 (Bankr. D. Del. 2003) (stating that a debtor's decision to reject an executory contract is governed by the business judgment standard and can only be overturned if the decision was the "product of bad faith, whim, or caprice"); *see also In re Tayfur*, 599 F. App'x 44, 49–50 (3d Cir. 2015) (extending the standard articulated in *Sharon Steel* to unexpired leases). Once a debtor states a valid business justification, "[t]he business judgment rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company.'" *Official Comm. of Subordinated Bondholders v. Integrated Res., Inc.* (*In re Integrated Res., Inc.*), 147 B.R. 650, 656 (Bankr. S.D.N.Y. 1992) (quoting *Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985)).

16.     Courts routinely approve motions to reject executory contracts or unexpired leases upon a showing that the debtor's decision to take such action will benefit the debtor's estate and is an exercise of sound business judgment. *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984) (stating that the traditional standard applied by courts to authorize the rejection of an executory contract is that of "business judgment"); *see also Delightful Music Ltd. v. Taylor* (*In re Taylor*), 913 F.2d 102 (3d. Cir. 1990); *In re Buckhead America Corp.*, 180 B.R. 83 (Bankr. D. Del. 1995).

17.     Courts generally will not second-guess a debtor's business judgment concerning the rejection of an executory contract or unexpired lease. *See In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001) ("A debtor's decision to reject an executory contract must be summarily affirmed unless it is the product of bad faith, or whim or caprice." (internal quotations omitted)). The "business judgment" test is not a strict standard; it merely requires a

showing that either assumption or rejection of the executory contract or unexpired lease will benefit the debtor's estate. *N.L.R.B. v. Bildisco & Bildisco* (*In re Bildisco*), 682 F.2d 72, 79 (3rd Cir. 1982) (noting that the "usual test for rejection of an executory contract is simply whether rejection would benefit the estate") *aff'd*, 465 U.S. 513. Further, "[s]ection 365 enables the trustee to maximize the value of the debtor's estate by assuming executory contracts and unexpired leases that benefit the estate and rejecting those that do not." *L.R.S.C. Co. v. Rickel Home Centers, Inc. (In re Rickel Home Centers, Inc.)*, 209 F.3d 291, 298 (3d Cir. 2000); *see also Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (section 365 of the Bankruptcy Code "allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed").

18. Upon finding that the Debtor has exercised its sound business judgment in determining that the rejection of the Lease is in the best interests of the Debtor and its estate, the Court should approve the proposed rejection under section 365(a) of the Bankruptcy Code. *See, e.g.*, *Westbury Real Estate Ventures, Inc. v. Bradlees, Inc.* (*In re Bradlees Stores, Inc.*), 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996); *Summit Land Co. v. Allen* (*In re Summit Land Co.*), 13 B.R. 310, 315 (Bankr. D. Utah 1981) (holding that, absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course"). If a debtor's business judgment has been reasonably exercised, a court should approve the assumption or rejection of an unexpired lease or executory contract. *See, e.g.*, *Sharon Steel Corp.*, 872 F.2d at 39-40.

19. Generally, courts have authorized a debtor's rejection of unexpired leases and executory contracts as of the date of the filing of the applicable rejection motion or the premises is surrendered, whichever is later. *See In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D.

Del. 2004); *see also In re Fleming Cos., Inc.*, 304 B.R. at 96.  A court may permit such retroactive rejection to avoid unduly exposing a debtor's estate to unwarranted post-petition administrative or other expenses.  *See NLRB v. Bildisco & Bildisco*, 465 U.S. at 521 (stating that rejection relates back to the petition date); *Stonebriar Mall Ltd. P'ship v. CCI Wireless, LLC* (*In re CCI Wireless, LLC*), 297 B.R. 133, 140 (D. Col. 2003) (holding that a bankruptcy court "has authority under section 365(d)(3) to set the effective date of rejection at least as early as the filing date of the motion to reject"); *Constant Ltd. P'ship v. Jamesway Corp.* (*In re Jamesway Corp.*), 179 B.R. 33, 37-8 (S.D.N.Y. 1995) (affirming bankruptcy court's retroactive approval of lease rejection).

20.     The facts in this Chapter 11 Case and the balance of the equities favor the Debtor's rejection of the Lease effective as of the Petition Date.  Without doing so, the Debtor may incur unnecessary administrative charges for an agreement that is not necessary to its business affairs or chapter 11 efforts.  The Debtor does not need the leasehold interest created by the Lease to conduct its go-forward business and the Debtor does not derive any meaningful benefit under the Lease.  On the other hand, requiring the Debtor to continue to perform under the Lease after the Petition Date could impose onerous obligations on the Debtor and its estate.  Without rejecting the Lease, the Debtor may incur unnecessary administrative charges that are not necessary to its ongoing business operations.

21.     Moreover, the Landlord will not be unduly prejudiced if the Lease is rejected effective as of the Petition Date because, on the Petition Date, the Debtor provided the Landlord with its unequivocal intent to reject the Lease, vacated the Premises, relinquished the keys to the Premises to the Landlord, and, in conjunction therewith, indicated that it was unequivocally surrendering possession as a result thereof.  Additionally, on the Petition Date, or as soon thereafter as practicable, the Debtor has served this Motion on the Landlord or its agents or representatives

by overnight delivery and electronic mail, thereby advising the Landlord once again that the Debtor intends to reject the Lease effective as of the Petition Date.

22. In light of the foregoing facts and circumstances, the Debtor respectfully submits that the rejection of the Lease under section 365 of the Bankruptcy Code, effective as of the Petition Date, is a sound exercise of its business judgment, and is necessary, prudent, and in the best interests of the Debtor, its estate, and its creditors. As it is in the Debtor's and its estate's interests to eliminate the potential incurrence of administrative expenses, and to avoid the potential accrual of any further obligations under the Lease, the Debtor respectfully submits that the retroactive rejection of the Lease as of the Petition Date is appropriate. Accordingly, entry of the Proposed Order is warranted.

II. **Authorizing the Debtor to Abandon any Personal Property Remaining at the Leased Premises as of the Petition Date is Appropriate.**

23. In the event that any Personal Property, including any property related to the Equipment Lease Rejection Motion, does remain on the Premises as of the Petition Date, the Debtor requests the Court's approval of the Debtor's abandonment of such Personal Property, pursuant to section 554(a) of the Bankruptcy Code, effective as of the Petition Date. Any Personal Property left behind is of nominal, if any, value to the Debtor or its estate.

24. Section 554(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing, the [debtor] may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). The right to abandon is virtually unfettered, unless abandonment of the property will contravene laws designed to protect public health and safety and the property poses an imminent threat to the public's welfare. *See In re Midlantic Nat'l Bank*, 474 U.S. 494, 501 (1986). The Debtor submits that neither of these limitations is relevant in this case.

25. Among other things, the Debtor believes that the cost of retrieving, marketing, and reselling the Personal Property—if there is any property with any material value—outweighs any recovery that the Debtor and its estate could reasonably hope to attain for such Personal Property. As a result, the Debtor has determined, in its business judgment, that the abandonment of any Personal Property, effective as of the Petition Date, is a sound exercise of its business judgment, and is necessary, prudent, and in the best interests of the Debtor, its estate, and creditors.

## RESERVATION OF RIGHTS

26. Nothing contained herein is intended or shall be construed as (i) an admission as to the validity of any claim against the Debtor; (ii) a waiver of the Debtor's or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtor; (iii) a waiver of any claims or causes of action which may exist against any creditor or interest holder; (iv) an approval, assumption, or adoption, of any agreement, contract, lease, program, or policy between the Debtor and any third party under section 365 of the Bankruptcy Code; or (v) a promise to pay a claim.

## REQUEST FOR IMMEDIATE RELIEF & WAIVER OF STAY

27. Pursuant to Bankruptcy Rule 6004(h), the Debtor seeks a waiver of any stay of the effectiveness of an order granting this Motion, to the extent that it applies to the relief requested in this Motion. Bankruptcy Rule 6004(h) provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." The relief requested herein is essential to avoid the potential accrual of unnecessary administrative expenses. Accordingly, the Debtor submits that, to the extent that Bankruptcy Rule 6004(h) applies, ample cause exists to justify a waiver of the fourteen-day stay.

11491338v.1

## NOTICE

28. Notice of the hearing of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) the holders of the thirty (30) largest unsecured claims against the Debtor; (ii) the Landlord; (iii) all parties that may have an interest in the abandoned Personal Property; (iv) counsel to the Prepetition Secured Parties and the DIP Secured Parties; (v) the Internal Revenue Service; (vi) the United States Attorney's Office for the District of Delaware; (vii) the Securities and Exchange Commission; (viii) the Delaware Secretary of State; (ix) the Delaware State Treasury; and (x) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.[5]

## NO PRIOR REQUEST

29. No prior request for the relief sought herein has been made to this or any other Court.

*[Remainder of Page Intentionally Left Blank]*

---

[5] While Bankruptcy Rule 6007 requires the Debtor to serve a motion to abandon property on, among others, all the Debtor's creditors, Local Rule 2002-1(b) modifies that rule.

11491338v.1

WHEREFORE, the Debtor respectfully requests entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as is just.

| | |
|---|---|
| Dated: May 5, 2024<br>Wilmington, Delaware | POTTER ANDERSON & CORROON LLP<br><br>*/s/ L. Katherine Good*<br>L. Katherine Good (DE No. 5101)<br>Brett M. Haywood (DE No. 6166)<br>Gregory J. Flasser (DE No. 6154)<br>1313 North Market Street, 6th Floor<br>Wilmington, Delaware 19801<br>Tel: (302) 984-6000<br>Facsimile: (302) 658-1192<br>Email: kgood@potteranderson.com<br>         bhaywood@potteranderson.com<br>         gflasser@potteranderson.com<br><br>- and -<br><br>GOODWIN PROCTER LLP<br>Kizzy L. Jarashow (*pro hac vice* admission pending)<br>Robert J. Lemons (*pro hac vice* admission pending)<br>James Lathrop (DE No. 6492)<br>The New York Times Building<br>620 Eighth Avenue<br>New York, New York 10018-1405<br>Tel: (212) 813-8800<br>Facsimile: (212) 355-3333<br>Email: kjarashow@goodwinlaw.com<br>         rlemons@goodwinlaw.com<br>         jlathrop@goodwinlaw.com<br><br>*Proposed Counsel for Debtor and Debtor-in-Possession* |

# **EXHIBIT A**

**Proposed Order**

11491338v.1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
- - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                       :
In re:                                                 :   Chapter 11
                                                       :
Ambri Inc.,¹                                           :   Case No. 24-10952 (___)
                                                       :
        Debtor.                                        :   Re: Docket No. ___
                                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - -  x
```

**ORDER (I) AUTHORIZING THE DEBTOR TO REJECT A CERTAIN UNEXPIRED LEASE OF NONRESIDENTIAL PROPERTY EFFECTIVE AS OF THE PETITION DATE; (II) ABANDONING ANY REMAINING PERSONAL PROPERTY LOCATED AT THE LEASED PREMISES; AND (III) GRANTING CERTAIN RELATED RELIEF**

Upon consideration of the motion (the "Motion")² of the above-captioned debtor and debtor-in-possession in the above-captioned case (the "Debtor") for entry of an order, pursuant to sections 105(a), 363, 365, and 554 of the Bankruptcy Code, and Rules 6006 and 6007 of the Bankruptcy Procedure; and upon the Murphy First Day Declaration and the Chiu First Day Declaration; and upon the statements of counsel in support of the relief requested in the Motion at the hearing, if any, held before the Court; and the record of the hearing, if any, and all of the proceedings had before the Court; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and it appearing that venue of the Chapter 11 Case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28

---

[1] The Debtor's mailing address is 53 Brigham Street, Unit 8, Marlborough, MA 01752, and the last four digits of the Debtor's federal tax identification number are 0023.

[2] Capitalized terms used herein as defined terms and not otherwise defined shall have those meanings ascribed to them in the Motion.

U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors and other parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted; and it appearing that proper and adequate notice of the Motion has been given; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. Pursuant to sections 105(a) and 365(a) of the Bankruptcy Code, the Lease listed on **Exhibit 1** attached hereto, including, to the extent applicable, any agreements, amendments, change orders, supplements, waivers, subleases, and side letters related thereto, is hereby rejected by the Debtor effective as of the Petition Date.

3. Pursuant to sections 105(a) and 554(a) of the Bankruptcy Code and Bankruptcy Rule 6007, the interests of the Debtor and its estate in any Personal Property remaining on the Premises are deemed abandoned by the Debtor and its estate as of the Petition Date. The Landlord may use or dispose of the Personal Property in its sole and absolute discretion without notice or liability to the Debtor or its estate, subject to the liens of interests of any third parties in the Personal Property under applicable law. The rights, claims, and remedies, if any, of all persons other than the Debtor and its estate with respect to the Personal Property under applicable law are hereby preserved; *provided, however,* that the DIP Secured Parties and the Prepetition Secured Parties consent to the release of their interests in and liens on, if any, the Personal Property, and any such interests and liens are hereby released.

11491338v.1

4. Nothing herein shall impair, prejudice, waive or otherwise affect the rights of the Debtor to: (a) assert that the Lease (i) was terminated on the Petition Date, or (ii) is not an executory contract or unexpired lease under 365 of the Bankruptcy Code; (b) assert that any claim for damages arising from the rejection of the Lease is limited to the remedies available under any applicable termination provisions of the Lease; (c) assert that any such claim is an obligation of a third party, and not that of the Debtor or its estate; or (d) otherwise contest any claims that may be asserted in connection with the Lease. All rights, claims, defenses and causes of action that the Debtor and its estate may have against the counterparties to the Lease, whether or not such claims arise under, are related to the rejection of, or are independent of the Lease, are reserved, and nothing herein is intended or shall be deemed to impair, prejudice, waive or otherwise such rights, claims, defenses and causes of action.

5. The Debtor is hereby authorized to execute and deliver all instruments and documents, and take such other actions as may be necessary or appropriate, to implement and effectuate this Order.

6. Notwithstanding the relief granted herein and any actions taken hereunder, nothing in the Motion or this Order shall: (i) constitute an admission as to the validity or priority of any claim against the Debtor; (ii) constitute a waiver of the Debtor's rights to dispute any claim; (iii) constitute a determination that the Lease was executory, unexpired, or otherwise not in full force and effect as of the Petition Date; or (iv) prejudice any party's rights to assert that the Lease was or was not executory or unexpired within the meaning of section 365 of the Bankruptcy Code as of the Petition Date.

7. Notwithstanding any applicability of Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon its entry.

11491338v.1

4

8. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation or enforcement of this Order.

11491338v.1

# **Exhibit 1**

## **Rejected Leases**

| Lease Counterparty | Location of Leased Property | Rejection Date |
|---|---|---|
| Quarry Square Owner LLC | 196 E. Main Street, Milford, MA 01757 | 5/5/2024 |