**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                       :
In re:                                                 :    Chapter 11
                                                       :
Ambri Inc.,¹                                           :    Case No. 24-10952 (LSS)
                                                       :
           Debtor.                                     :    Re: Docket Nos. 14, 160, & 168
                                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

**SUPPLEMENTAL² NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH SALE OF SUBSTANTIALLY ALL ASSETS**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On May 5, 2024, the above-captioned debtor and debtor-in-possession (the "Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case") filed with the United States Bankruptcy Court for the District of Delaware (the "Court") a motion [Docket No. 14] (the "Motion") seeking entry of (a) an order (the "Bidding Procedures Order") (i) approving bidding procedures (the "Bidding Procedures")³ to be used in connection with a sale (the "Sale") of all, substantially all, or a portion of the Debtor's assets (the "Assets"); (ii) designation of the Stalking Horse Bidder; (iii) scheduling (A) an auction of the Assets (the "Auction"), and (B) a final hearing to consider approval of the proposed Sale (the "Sale Hearing"); (iv) approving the form and manner of notice of the Bidding Procedures, the Auction and the Sale Hearing; (v) approving procedures for the assumption and assignment of executory contracts and unexpired leases (collectively, the "Contracts") in connection with any Sale; (vi) approving the form and manner of notice to each relevant non-debtor counterparty to a Contract of the Debtor's calculation of the amount necessary to cure any defaults under an applicable Contract (the "Cure Cost") and certain other information regarding the potential assumption and assignment of Contracts in connection with the Sale; and (vii) granting related relief; and (b) an order (the "Sale Order") (i) authorizing the sale of the Assets free and clear of all liens, claims, interests and encumbrances, except certain permitted encumbrances as determined by the Debtor and the Successful Bidder (as defined in the Bidding Procedures), with liens to attach to the proceeds of the Sale; (ii) authorizing the

---

¹ The Debtor's mailing address is 53 Brigham Street, Unit 8, Marlborough, MA 01752, and the last four digits of the Debtor's federal tax identification number are 0023.

² This notice supplements, and does not replace, the list of contracts and leases that may be assumed and assigned as part of the Sale that was included in the notice [Docket No. 168] filed on June 14, 2024.

³ Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Motion or the Bidding Procedures, as applicable.

ACTIVE/130720224.1

assumption and assignment of certain Contracts in connection with approved Sale; and (iii) granting related relief (the "Sale Order").

On June 12, 2024, the Court entered the Bidding Procedures Order [Docket No. 160].

On June 24, 2024, the Debtor filed the *Notice of Cancelation of Auction and Designation of Successful Bidder* [Docket No. 181] whereby the Stalking Horse Bidder was designated as the Successful Bidder with respect to the Debtor's Assets.

The Court held the Sale Hearing on July 9, 2024. On July 11, 2024, the Court entered the Sale Order [Docket No. 214].

In accordance with the Bid Procedures Order, the Debtor filed the *Notice of Cure Costs and Possible Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Sale of Substantially All Assets* [Docket No. 168] (the "Initial Assumption Notice") listing certain contracts and leases that may potentially be assumed and assigned as part of the Sale. Attached to the Initial Assumption Notice as Schedule 1 was a schedule listing the contracts and leases that may be assumed and assigned as part of the Sale (as may be supplemented from time to time, the "Contracts List"). Pursuant to the Bid Procedures Order and the Sale Order, the Debtor reserved the right to supplement the Contracts List by filing a Supplemental Assumption Notice. This notice (this "Supplemental Assumption Notice") supplements, and does not replace, the list of contracts and leases that may be assumed and assigned as part of the Sale that was included in the Initial Assumption Notice. Attached hereto as Schedule 1 are additional contracts and leases that the Debtor may potentially assume and assign to the Successful Bidder as part of the Sale.

**You are receiving this Notice because you may be a Counterparty to a Contract of the Debtor that may be assumed and assigned to the Successful Bidder for the Debtor's Assets.**

## CURE COSTS

In accordance with the Assumption and Assignment Procedures and the Bidding Procedures Order, the Debtor may seek to assume and assign to the Successful Bidder certain of its Contracts. Each of the Contracts that potentially could be assumed and assigned in connection with the Sale, together with the Debtor's calculation of Cure Costs with respect to such Contracts, is set forth on Schedule 1 hereto. The inclusion of any Contract on Schedule 1 does not constitute an admission by the Debtor, the Successful Bidder, or any other party that such Contract is an executory contract or an unexpired lease within the meaning of the Bankruptcy Code or require or guarantee that such Contract ultimately will be assumed or assigned. All rights of the Debtor with respect thereto are reserved.

In addition, to the extent that any of the Cure Costs set forth on Schedule 1 do not reflect (i) postpetition payments that have been made by the Debtor in respect of applicable Cure Costs or (ii) any payments that are made by the Debtor in respect of such Cure Costs after the filing of this Notice, the respective amounts required to be paid to cure any existing defaults under the applicable Contracts shall be reduced by any such corresponding postpetition payments, and the Debtor reserves its right to update the Cure Costs set forth on Schedule 1 accordingly, either by filing a supplemental notice with the Court or by written notice to the applicable Counterparty.

## CURE OBJECTIONS

### A. Cure Objection Deadline

Any Counterparty that wishes to object to the Debtor's proposed Cure Costs (each such objection, a "Cure Objection") must file with the Court by **no later than August 2, 2024, at 4:00 p.m. (prevailing Eastern Time)** and serve on the Objection Notice Parties (as defined in Section X.D of the Bidding Procedures) its Cure Objection, which must be in writing and state, with specificity, the legal and factual bases thereof and include any appropriate documentation in support thereof.

### B. Resolution of Cure Objections

Pursuant to the Bidding Procedures Order, the Debtor, the Successful Bidder, and the objecting Counterparty must first confer in good faith to attempt to resolve the Cure Objection without Court intervention. If the parties are unable to consensually resolve the Cure Objection, the Court shall make all necessary determinations relating to the applicable Cure Costs and Cure Objection at a hearing scheduled by the Court. If a Cure Objection is resolved in a manner that is not in the best interests of the Debtor and its estate, whether or not such resolution occurs prior to or after the closing of the Sale, the Debtor and the Successful Bidder may determine that any Contract subject to such resolved Cure Objection no longer will be assumed and assigned; *provided*, *that*, in the case of an unexpired lease of non-residential real property, such determination shall be prior to the expiration of the applicable deadline to assume or reject unexpired leases under section 365(d)(4) of the Bankruptcy Code.

**IF A COUNTERPARTY FAILS TO FILE WITH THE COURT AND SERVE ON THE OBJECTION NOTICE PARTIES A TIMELY CURE OBJECTION, THE COUNTERPARTY FOREVER SHALL BE BARRED FROM ASSERTING ANY OBJECTION WITH REGARD TO THE COST TO CURE ANY DEFAULTS UNDER THE APPLICABLE CONTRACT, AND THE CURE COSTS SET FORTH ON SCHEDULE 1 HERETO SHALL BE CONTROLLING AND WILL BE THE ONLY AMOUNT NECESSARY TO CURE OUTSTANDING DEFAULTS UNDER THE CONTRACT AND SATISFY THE REQUIREMENTS OF SECTION 365(b) OF THE BANKRUPTCY CODE, AND THE COUNTERPARTY TO THE CONTRACT SHALL BE DEEMED BOUND BY AND TO HAVE CONSENTED TO THE CURE COSTS.**

## ADEQUATE ASSURANCE OBJECTIONS

### A. Adequate Assurance Objection Deadline

Any Counterparty to a Contract that wishes to object to the proposed assumption and assignment of a Contract, the subject of which objection is the Successful Bidder's proposed form of adequate assurance of future performance with respect to the Contract (each such objection, an "Adequate Assurance Objection"), must file with the Court and serve on the Objection Notice Parties an Adequate Assurance Objection, which must state, with specificity, the legal and factual bases thereof and include any appropriate documentation in support thereof, by **August 2, 2024 at 4:00 p.m. (prevailing Eastern Time)**.

B.     **Resolution of Adequate Assurance Objections**

Pursuant to the Bidding Procedures Order, the Debtor, the Successful Bidder and the objecting Counterparty must first confer in good faith to attempt to resolve the Adequate Assurance Objection without Court intervention. If the parties are unable to consensually resolve the Adequate Assurance Objection, the Adequate Assurance Objection and all issues of adequate assurance of future performance of the Successful Bidder shall be determined by the Court at a hearing fixed by the Court, with notice to the party having filed the Adequate Assurance Objection.

**IF A COUNTERPARTY FAILS TO FILE WITH THE COURT AND SERVE ON THE OBJECTION NOTICE PARTIES A TIMELY ADEQUATE ASSURANCE OBJECTION, THE COUNTERPARTY FOREVER SHALL BE BARRED FROM ASSERTING ANY OBJECTION TO THE ASSUMPTION AND/OR ASSIGNMENT OF THE APPLICABLE CONTRACT WITH REGARD TO ADEQUATE ASSURANCE OF FUTURE PERFORMANCE. THE SUCCESSFUL BIDDER SHALL BE DEEMED TO HAVE PROVIDED ADEQUATE ASSURANCE OF FUTURE PERFORMANCE WITH RESPECT TO THE CONTRACT IN ACCORDANCE WITH BANKRUPTCY CODE SECTIONS 365(b)(1)(C), 365(f)(2)(B) AND, IF APPLICABLE, 365(b)(3), NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE CONTRACT OR ANY OTHER DOCUMENT.**

## ADDITIONAL INFORMATION

Copies of the Motion, the Bidding Procedures Order, the Bidding Procedures, and the Sale Order may be obtained free of charge by visiting the Epiq Website.

| | |
|---|---|
| Dated: July 19, 2024<br>Wilmington, Delaware | POTTER ANDERSON & CORROON LLP<br><br>*/s/ Brett M. Haywood*<br>L. Katherine Good (DE No. 5101)<br>Brett M. Haywood (DE No. 6166)<br>Shannon A. Forshay (DE No. 7293)<br>1313 North Market Street, 6th Floor<br>Wilmington, Delaware 19801<br>Tel: (302) 984-6000<br>Facsimile: (302) 658-1192<br>Email: kgood@potteranderson.com<br>         bhaywood@potteranderson.com<br>         sforshay@potteranderson.com<br><br>- and -<br><br>GOODWIN PROCTER LLP<br>Kizzy L. Jarashow (admitted *pro hac vice*)<br>James Lathrop (DE Bar No. 6492)<br>The New York Times Building<br>620 Eighth Avenue<br>New York, New York 10018-1405<br>Tel: (212) 813-8800<br>Facsimile: (212) 355-3333<br>Email:<br>kjarashow@goodwinlaw.com<br>jlathrop@goodwinlaw.com<br><br>*Counsel for Debtor and Debtor-in-Possession* |

## Schedule 1

## Supplemental Contract Schedule

| # | Assumed Contracts | Contract Description | Address | Cure Amount |
|---|---|---|---|---|
| 1 | ADP LLC | Sales Order, Carrier Connections | ONE ADP BLVD, ROSELAND , NJ | N/A |
| 2 | ADP LLC | Investment Summary, Benefits Administration | ONE ADP BLVD, ROSELAND , NJ | N/A |
| 3 | Blue Cross Blue Shield | 2Q Premium Agreement | BOX 371318, PITTSBURGH, PA 15250-7314 | N/A |
| 4 | Blue Cross Blue Shield | Electronic Self Service Registration Agreement | BOX 371318, PITTSBURGH, PA 15250-7314 | N/A |
| 5 | Blue Cross Blue Shield | Application | BOX 371318, PITTSBURGH, PA 15250-7314 | N/A |
| 6 | Brown & Brown | Business Associate Agreement | 300 N. BEACH STREET, DAYTONA BEACH, FL 32114 | N/A |
| 7 | Carta | Order Form and Master Services Agreement | 195 PAGE MILL ROAD, SUITE 101 PALO ALTO, CA 94306 | N/A |
| 8 | CuraLinc Healthcare | Application | 314 W SUPERIOR ST. SUITE 601, CHICAGO, IL 60654 | N/A |
| 9 | Eyemed | Contract through Fidelity Security Life Insurance Company | PO BOX 632530, CINCINNATI, OH 45263-2530 | N/A |
| 10 | Eyemed | Application | PO BOX 632530, CINCINNATI, OH 45263-2530 | N/A |
| 11 | Flores | Benefit Administration Proposal Agreement | BOX 31397, CHARLOTTE, NC 28231-1397 | N/A |
| 12 | Flores | Application | BOX 31397, CHARLOTTE, NC 28231-1397 | N/A |
| 13 | Optum | Application | 11000 OPTUM CIRCLE, EDEN PRAIRIE, MN 55344 | N/A |
| 14 | Sun Life & Health Insurance Co (Us) | Group Insurance Policy | 175 ADDISON RD, WINDSOR, CT | N/A |
| 15 | Sun Life Assurance Company Of Canada | NY Disability Benefits Policy | 175 ADDISON RD, WINDSOR, CT | N/A |
| 16 | Sun Life Assurance Company Of Canada | MAPFML Confirmation of Insurance Form | 175 ADDISON RD, WINDSOR, CT | N/A |